# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

JONATHAN KIERNAN GODWIN,

Petitioner,

v.

STEPHEN MICHELINI; JOHN DOE; and JANE DOE,

Respondents.

No. 2D22-4048

_____

September 6, 2023

Petition for Writ of Certiorari to the Circuit Court for Hillsborough County; Cheryl Thomas, Judge.

Ryan D. Barack and Michell Erin Nadeau of Kwall Barack Nadeau PLLC, Clearwater, for Petitioner.

Ethan J. Loeb, Allison C. Doucette, Steven Gieseler, Nicholas M. Gieseler, and Elliot P. Haney of Bartlett, Loeb, Hinds & Thompson, PLLC, Tampa, for Respondent Stephen Michelini.

No appearance for remaining Respondents.

BLACK, Judge.

Jonathan Kiernan Godwin seeks a writ of certiorari quashing the trial court's order denying his motion to dismiss or for summary judgment filed pursuant to section 768.295, Florida Statutes (2021),

Florida's Strategic Lawsuits Against Public Participation (Anti-SLAPP) statute. Because the trial court departed from the essential requirements of law by applying an incorrect motion-to-dismiss standard, we grant Mr. Godwin's petition and quash the order on review.

Stephen Michelini filed a two-count defamation complaint against Mr. Godwin premised upon comments made by Mr. Godwin on Facebook. The Facebook comments were made in response to a January 2022 Tampa Bay Times article posted by the Times on its Facebook page. The article concerned a lawsuit between Mr. Michelini and former Tampa City Councilman John Dingfelder, and Mr. Godwin's comments generally alleged that Mr. Michelini was corrupt and that he had acted in violation of Florida's Government in the Sunshine Law.[1] In response to the lawsuit, Mr. Godwin filed his motion to dismiss or for summary judgment, alleging that the lawsuit violated Florida's Anti-SLAPP statute. Following a hearing, the trial court denied the motion to dismiss. As relevant to our resolution of this case, the court's findings included that it needed only to accept the allegations of the complaint as true and to determine whether they stated a cause of action and that although the Anti-SLAPP statute "permits a court to look beyond the four-corners of a complaint, that does not apply to a motion to dismiss."

Relying on this court's opinions in *Gundel v. AV Homes, Inc.*, 264 So. 3d 304, 310 (Fla. 2d DCA 2019), and *Davis v. Mishiyev*, 339 So. 3d 449, 452-53 (Fla. 2d DCA 2022), Mr. Godwin seeks certiorari review of

---

[1] Section 286.011, Florida Statutes, is "commonly known as the Government in the Sunshine Law." *Sarasota Citizens For Responsible Gov't v. City of Sarasota*, 48 So. 3d 755, 762 (Fla. 2010).

the order, contending that the trial court applied an incorrect standard in denying the motion to dismiss.[2]

This court has explained that "because a postjudgment appeal cannot remedy the very harm that the Anti-SLAPP statute seeks to prevent—unnecessary litigation—a petitioner clearly establishes irreparable harm when seeking review of an order denying a motion to dismiss under the Anti-SLAPP statute." *Davis*, 339 So. 3d at 452 (first citing *Baird v. Mason Classical Acad., Inc.*, 317 So. 3d 264, 267-68 (Fla. 2d DCA 2021); and then citing *Gundel*, 264 So. 3d at 311). Thus, in accordance with this district's case law, we conclude that the jurisdictional prongs of the certiorari standard have been met.

We next turn to whether the trial court departed from the essential requirements of law in denying Mr. Godwin's motion. *Gundel* and *Davis* directly address the standard under which a trial court must consider a motion to dismiss filed pursuant to the Anti-SLAPP statute. In *Gundel*, we agreed with the petitioners that "the Anti-SLAPP statute requires the trial court to do more than accept as true the factual allegations in the four corners of the complaint and draw all reasonable inferences therefrom in favor of the claimant." 264 So. 3d at 314. The trial court must employ a burden-shifting analysis whereby the initial burden is on the SLAPP defendant to establish that the Anti-SLAPP statute applies, and once the defendant has done so, the burden shifts "to the claimant to demonstrate that the claims are not 'primarily' based on First

---

[2] The trial court treated the motion only as a motion to dismiss, finding that summary judgment was "inappropriate, as [Mr. Godwin] ha[d] submitted no supporting evidence." Although Mr. Godwin has argued that the court departed from the essential requirements of law in making that finding, we decline to address his argument.

Amendment rights in connection with a public issue and not 'without merit.' " *Id.* And in *Davis*, we recognized the burden-shifting analysis established in *Gundel* and granted the petition for writ of certiorari, concluding that "the unelaborated order of dismissal suggests that the trial court denied the motion utilizing an incorrect motion-to-dismiss standard." 339 So. 3d at 453.

The trial court's findings in this case demonstrate that it did not utilize this court's precedent addressing the language of section 768.295 and setting forth the analysis to be utilized when reviewing motions to dismiss filed pursuant to Florida's Anti-SLAPP statute. Mr. Godwin has established that in applying an incorrect motion-to-dismiss standard, the trial court departed from the essential requirements of law.

Petition granted; order quashed.


MORRIS and SMITH, JJ., Concur.


———————————————————

Opinion subject to revision prior to official publication.